IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

AUBREY L. GRANT,

    Plaintiff,

  vs.

CALIFORNIA BOARD OF PAROLE HEARINGS; RANDY GROUNDS, Warden; SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

    Defendants.

                               /

No. C 10-2817 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

       This is a pro se civil rights complaint under 42 U.S.C. §1983 filed by a state prisoner. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2).

       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).   However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard.  *Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff contends that the California Board of Parole Hearings has "failed to implement its statutory duties – in applying all of Cal. law provisions to petitioner [sic], thus violating the Federal Constitution and denying due process of law."  Pet. at 3.  He also asserts that "[t]he Board is improrperly adminstering the law in the TYPE OF HEARINGS, and procedures it has implemented and practices."  *Id.* (emphasis in original).

Plaintiff does not explain what provisions of California law he contends are not being implemented, nor does he provide any facts – such as what the Board actually does that he contends is contrary to California statutes – to support his conclusory allegations.  He does not say what "type of hearings" he contends are improper, or why, nor does he say what

procedures and practices he objects to.  Finally, it appears from what plaintiff has pleaded here that his claim is really that state law has been violated, something that cannot be the basis for section 1983 relief.  *See Paul v. Davis*, 424 U.S. 693, 697 (1976) (holding that to state section 1983 claim plaintiff must show that a specific constitutional or federal guarantee safeguarding the interests that have been invaded).  He cannot make a violation of state law into a constitutional claim by simply contending, without more, that the violation of state law is a violation of due process.  *See Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

For these reasons, the complaint will be dismissed with leave to amend.

## CONCLUSION

1.  For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2.  It is the plaintiff's responsibility to prosecute this case.  He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated:  April 20, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.10\GRANT2817.DWLTA.wpd

3