UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

AUBREY L. GRANT,

    Plaintiff,

vs.

CALIFORNIA BOARD OF PAROLE HEARINGS; RANDY GROUNDS, Warden; and MATHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,

    Defendants.

                       /

No. C 10-2817 PJH (PR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; BRIEFING SCHEDULE**

This is a civil rights case filed pro se by a state prisoner. The only remaining defendant, Mathew Cate, has filed a motion to dismiss. Plaintiff has opposed the motion and defendant has replied. For the reasons set out below, the motion will be granted in part and denied in part.

**BACKGROUND**

On September 6, 1979, plaintiff was sentenced to prison for an indeterminate term of fifteen years to life for second degree murder. In the original complaint, plaintiff contended that the parole board was not following its statutory duties and "improperly administering the law." Because he did not provide any facts underlying the claims and because they did not appear to have a federal basis, the complaint was dismissed with leave to amend.

Plaintiff amended, clearly setting out claims that: (1) His rights under the Ex Post Facto Clause of the Constitution were violated when the Board of Parole Hearings applied to him its current standards for eligibility for parole, rather than those in effect at the time of plaintiff's offense; and (2) the board's failure to set a specific maximum term for him

violated state law and thus his due process rights. The court concluded that these claims were sufficient to proceed as to defendant Cate, who as secretary of the California Department of Corrections and Rehabilitation is the appropriate defendant in a challenge to department regulations. The claims were dismissed as to the Board of Parole Hearings, because it is an agency of the state and so cannot be sued in federal court, and as to Warden Randy Grounds, who was not alleged to have had any role in the denial of parole.

## DISCUSSION

**I.    Standard**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. This standard applies to all cases. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) (finding under *Twombly* and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations). From these decisions, the following "two principles" arise: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g., AE v. County of Tulare*, No.

10-16116, slip op. 781, 791 (9th Cir. Jan. 27, 2012) (applying *Starr* standard to pleading policy or custom for claims against local government entities).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Pro se pleadings must be construed liberally on a defendant's motion to dismiss for failure to state a claim. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (confirming that despite *Twonbly* and *Iqual*, pro se civil rights filing still must be construed liberally).

**II.   Analysis**

Defendant contends that the complaint should be dismissed because (1) plaintiff's claims are barred by res judicata and collateral estoppel; (2) plaintiff's term of fifteen years to life is, under California law, a term of life, and thus he has no right to release; (3) he has failed to plead facts that would show an ex post facto violation.

**A.   Res Judicata**

Defendant has filed a request for judicial notice in which he asks the court to take judicial notice of plaintiff's "Petition for Mandate/Prohibition" filed in the California Superior Court for Los Angeles County and the court's order denying the petition. Plaintiff does not

3

challenge the authenticity of the documents. The motion will be granted. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks and citations omitted).

Defendant contends that both of plaintiff's claims here were litigated in the state court mandamus action, and that the state court's denial of the claims bars relitigation of them.

The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Montana v. United States*, 440 U.S. 147, 153 (1979). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Id.* The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

There is no exception to the rules of issue and claim preclusion for federal civil rights actions under 42 U.S.C. § 1983. *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986). The Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. *Allen*, 449 U.S. at 97-98 (issue preclusive effect in federal court of state proceedings is same as that accorded in state's own courts); *Migra*, 465 U.S. at 84 (extending rule of *Allen* to cover claim preclusion as well as issue preclusion).

A civil rights action under section 1983 may be dismissed as barred by res judicata, for example, if a prior California state court judgment rendered a valid judgment on the

4

merits in favor of a defendant. *Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir. 1986) (citing *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1976)). It does not matter that the plaintiff had no opportunity to litigate the claim in a federal forum. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993). State habeas proceedings also can have issue or claim preclusive effect on later § 1983 actions. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard); *Sperl v. Deukmejian*, 642 F.2d 1154, 1155 (9th Cir. 1981) (same).

The prior state court action upon which defendant relies for his preclusion argument was plaintiff's mandamus action, of which the court has taken judicial notice. In *Honey v. Distelrath*, 195 F.3d 531 (9th Cir.1999), the Ninth Circuit considered whether a California state court ruling in a mandamus action precluded a federal section 1983 claim. The court held:

> Because the state proceeding was a mandamus action, the ordinary claim preclusion rules that bar parties from relitigating claims already decided by courts on the merits do not apply here. Under the rule in *Migra v. Warren City School Dist.*, 465 U.S. 75 (1984), a petitioner's state court judgment has the same claim preclusive effect in federal court that the judgment would have in the state courts. The rule in California state courts was set out in *Mata v. City of Los Angeles*, 20 Cal. App.4th 141 (1993), in which the California supreme court held that a mandamus action is a "special proceeding" and does not bar a subsequent § 1983 action. Therefore, claim preclusion does not bar [the plaintiff's] § 1983 action.

*Id.* at 533.[1] Defendant inexplicably does not mention this case, and the cases he does cite involve preclusion by decisions in state habeas cases.

*Honey* does not prevent preclusion here, because it applies only to *claim* preclusion, not *issue* preclusion. First, *Honey* is limited by its own terms to claim preclusion. Secondly, in *Mata*, the case upon which *Honey*'s preclusion holding is based, after saying that mandamus does not have a claim preclusion effect, the court went on to say that "[t]he

---

[1] The court of appeals erred in saying that *Mata* was a California Supreme Court decision. It was decided by the California Court of Appeal. *Mata*, 20 Cal. App. 4th at 141.

5

judgment in the mandamus proceeding is not to be ignored, however" and apply issue preclusion. *Mata*, 20 Cal. App. 4th at 149-50. Thus, California law permits the application of issue preclusion in the fact pattern here.

California's requirements for issue preclusion were set out by the Ninth Circuit in *In re Harmon*, 250 F.3d 1240 (9th Cir. 2001):

> "California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine. There are five threshold requirements:
>
> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Id.* at 1245 (quoting *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (in bank) (citation omitted)).

Plaintiff has two claims here, that the board violated his rights under the Ex Post Facto Clause by refusing to apply the standards for parole in force at the time of his offense, and that the board's failure to set a maximum term violated state law and thus his due process rights. In his mandamus petition he raised two issues, a contention that the board's failure to set a maximum term for him violated state law and federal due process and equal protection, and that he was being subjected to cruel and unusual punishment as a consequence of the board's failure to set a maximum term. Def.'s Req. for Judicial Notice, Ex. A at CDCR-0009. The claim regarding failure to set a maximum term thus was raised both in state court and here, indeed in virtually the same words. And the superior court decided it in a final minute ruling, and the real parties – plaintiff and the state – were the same. *See id.* at CDCR-0001-2 (parties); *id.*, Ex. B at CDCR-0076-77. The second claim therefore is barred by claim preclusion.

The ex post facto claim, however, is not barred; although plaintiff contends that it was raised in the mandamus petition, Def.'s Mot. to Dismiss, P. & A. at 4, there is no

6

mention of the Ex Post Facto Clause at the page cited for that proposition, nor elsewhere in the petition. The first claim therefore is not precluded.

### B.     Life Sentence

Also going to plaintiff's second claim, that the board's failure to set a maximum term violated due process, is defendant's assertion that "[a]s Plaintiff concedes, he has never been found suitable for release to parole, and, therefore, is not entitled to the setting of a maximum term." Def.'s Mot. to Dismiss, P. & A. at 5. Plaintiff's contention, however, is not that he is entitled to release on parole, but that he is entitled to have the board set a maximum term for him to serve, at the expiration of which he would be released, whether or not suitable for parole. This was roughly the scheme addressed in *In re Rodriguez*, 14 Cal. 3d 639 (1975), in which the court held that the board was required to fix a term proportionate to the offense for prisoners serving indeterminate terms. *Id.* at 651-53. This portion of *Rodriguez* was, however, clearly disavowed by the court in the relatively recent case *of In re Dannenberg*, 34 Cal.4th 1061 (2005), in which the court said that "we do not believe, under the current statutory scheme, that such constitutional considerations impose upon the Board a general obligation to fix actual maximum terms, tailored to individual culpability, for indeterminate life inmates. Our prior ruling that the parole authority had such a general duty was influenced by the nature and provisions of the more comprehensive indeterminate sentencing system then in effect." *Id.* at 1096.

It thus is apparent that under current California law the board does not have an obligation to set a maximum term. Furthermore, it appears that plaintiff's claim regarding term setting is no more than a state law claim – that is, he contends that the board is not following state law. He does allege that the hypothetical failure to follow state law is also a violation of due process, but he cannot make a state law claim into a federal one simply by labeling it "due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process."). The second claim, regarding term-setting, will be dismissed for this additional reason.

### C. Failure to State an Ex Post Facto Claim

It is an ex post facto violation to apply a change in the law (including a change in regulations) regarding parole eligibility to a prisoner whose offense was committed before the change, if the new law "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *California Dep't of Corrections v. Morales*, 514 U.S. 499, 509 (1995). But there is no ex post facto violation where the new law "creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." *See id.*

Defendant contends that plaintiff has failed to state an ex post facto claim because "he provided no information to indicate that the parole unsuitability criteria at issue in this case is [sic] more onerous than the criteria that was [sic] in effect at the time he committed his crime." Def's Mot. to Dismiss, P. & A. at 6.

In the complaint plaintiff provides copies of the regulations' list of "Circumstances Tending to Show Unsuitability" in effect at the time of his offense, and those in effect at present. Am. Compl. at 6-7. The list he says was in effect at the time of the offense completely omits circumstances involving the commitment offense, such as the circumstance in the current regulations that it was committed in an "especially heinous, atrocious or cruel manner." *Id.* Attached to the complaint are a number of exhibits, one of which is the transcript of a denial of parole on August 4, 2010. The authenticity of the transcript is not contested, so it may be relied upon in ruling on the motion to dismiss. *See Lee*, 250 F.3d at 688. The parole denial here was in part grounded on "the commitment offense, although it is certainly not the factor that is weighed most heavily." Am. Compl., Ex. B at 13 (Decision Page 1).

The Supreme Court in *Garner v. Jones*, 529 U.S. 244 (2000), described two ways in which a petitioner could show that change in parole eligibility laws violated the Ex Post Facto Clause. One is if the new rule "by its own terms [creates] a significant risk of increasing punishment" for the crime. *Id.* at 253-55. The second is if the petitioner can "demonstrate, by evidence drawn from the rule's practical implementation by the agency

8

charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.* at 255. Contrary to respondent's contention, by including in his complaint the text of the two regulations, the earlier of which omits a significant ground for denying parole, and pleading that the board relied in part on that significant ground to deny parole, plaintiff has pleaded facts that are sufficient to plausibly claim an ex post facto violation. *See Brown v. Palmateer*, 379 F.3d 1089, 1094-96 (9th Cir. 2004) (change in law eliminating requirement of professional diagnosis to support postponement of parole based on mental disturbance; ex post facto violation to apply change to prisoner sentenced before it took effect because doing so gave change retroactive effect and carried significant risk of longer incarceration). The motion to dismiss will be denied as to this claim.

## CONCLUSION

Defendant's request for judicial notice (document number 13 on the docket sheet) is **GRANTED**. Defendant's motion to dismiss (document number 12 on the docket) is **GRANTED** as to plaintiff's claim that the board violated his due process rights by not setting a term for his confinement and his claim that the board was required to set a specific term for his incarceration; it is **DENIED** as to his claim that his ex post facto rights were violated by application to him of the current parole eligibility considerations.

It seems likely that this case can be resolved on briefs without the need for a trial. The defendant therefore shall file by April 20, 2012, a motion for summary judgment or a statement that such a motion is not in order. If a motion is filed, plaintiff shall file an opposition or statement of non-opposition within thirty days of service of the motion upon him. A reply, if any, is due fourteen days after service of the opposition.

**IT IS SO ORDERED.**

Dated: March 5, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.10\GRANT2817.motion to dismiss.wpd